■ ELIZABETH J. REED et al., Appellants, v PAWLING CENTRAL SCHOOL DISTRICT, Respondent. [664 NYS2d 483] —In an action for damages arising from, *inter alia*, negligent supervision, the plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Bernhard, J.), dated September 18, 1996, which, upon the granting of the defendant's motion for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

In October 1994, the plaintiff Stephen Reed, then 13 years old, injured his arm when he fell or was "launched" from a blocking sled on school grounds after school hours. Earlier in the afternoon Stephen had attended football practice. At the time of his injury, practice had ended and Stephen and two friends had returned to the sleds after they had visited a local delicatessen. Stephen and his mother, who interposed derivative claims, thereafter commenced this action against the defendant school alleging damages arising from, *inter alia*, negligent supervision. After issue was joined and certain pretrial discovery had been completed, the defendant moved for summary judgment dismissing the complaint. In the order appealed from, the court granted such relief. We now affirm.

Schools are under a duty to adequately supervise the students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see, Mirand v City of New York,* 84 NY2d 44; *Pratt v Robinson,* 39 NY2d 554, 560). Where, as here, the alleged injury occurred in the context of voluntary participation in an intramural or extracurricular school sport, a school need exercise only that care that would be exercised by a reasonable and prudent person, not a parent (*see, Benitez v New York City Bd. of Educ.,* 73 NY2d 650; *Barretto v City of New York,* 229 AD2d 214). However, the school's duty of supervision is "coextensive with and concomitant to its physical custody of and control over the child" (*Pratt v Robinson, supra,* at 554, 560; *see also, Mirand v City of New York, supra,* at 44, 49-50). Here, the plaintiffs have failed to raise a triable issue of fact that, at the time of the accident, Stephen was still within the school's custody and control and that, therefore, the defendant

owed a duty of adequate supervision to Stephen. In any event, even if we assume that such a duty existed, the plaintiffs failed to raise a triable issue of fact that such a duty was breached (*see, Mirand v City of New York, supra,* at 44, 49-50). Thus, the defendant was properly granted summary judgment dismissing the complaint. Rosenblatt, J. P., Ritter, McGinity and Luciano, JJ., concur.