■ Isabel Canela, Appellant, v Audobon Gardens Realty Corp., Respondent. [759 NYS2d 729] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Milano, J.), entered January 29, 2002, which granted the defendant's motion for summary judgment dismissing the complaint and denied her cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the plaintiff.

Juan Canela (hereinafter the decedent) came home at 5:00 A.M. in an intoxicated state. When he arrived at the apartment building where he lived, he climbed two flights of exterior stairs to reach the landing on which the outside door of the building was located. Once there, he sat on the parapet wall that surrounded the landing, leaned against the building, fell asleep, and fell or rolled off the wall, sustaining catastrophic injuries. The wall he sat on was 2 feet, 4 inches high and 1½ feet wide.

The plaintiff, Isabel Canela, administratrix of the estate of Juan Canela, contends that the defendant, the owner of the building, was negligent in constructing the wall only 28 inches high when section 62 (1) of the Multiple Dwelling Law and sections 27-376 and 27-369 of the Administrative Code of the City of New York require parapets like the one at issue here be at least 3 feet, 6 inches (42 inches) high.

The defendant sought summary judgment on the ground that the plaintiff cannot, as a matter of law, establish that the defendant's alleged negligence was a proximate cause of the decedent's injuries. The defendant also alleged that the decedent's own reckless conduct constituted an unforeseeable superseding event that severed the causal connection between his injuries and any negligence on the part of the defendant.

As a general rule, proximate cause is a question to be decided by the finder of fact (see Derdiarian v Felix Contr. Corp., 51 NY2d 308 [1980]). "It is well settled that because the determination of legal causation turns upon questions of foreseeability, and 'what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve' " (Kriz v Schum, 75 NY2d 25, 34 [1989], quoting Derdiarian v Felix Contr. Corp., supra at 315). To show that a defendant's negligence substantially caused the events which produced the injury, a plaintiff does not have to show that the exact manner in which the accident happened was foreseeable (see Derdiarian

*v Felix Contr. Corp., supra* at 315). The use, as a bench, of a low, wide wall on which a person can readily sit down after climbing two flights of stairs is not unforeseeable, and reasonable minds could differ as to the extent, if any, that such a low nonconforming structure contributed to the incident.

Furthermore, the decedent's conduct was not so extraordinary or unforeseeable as to constitute a superseding event that severs the causal connection between the defendant's alleged negligence and the decedent's injuries, but rather, is an element of comparative negligence (*see Roach v Szatko,* 244 AD2d 470 [1997]; *Kriz v Schum, supra*).

The remaining contentions of the parties are without merit. Krausman, J.P., Schmidt and Mastro, JJ., concur.

McGinity, J., dissents and votes to affirm the judgment appealed from with the following memorandum: On the early morning of November 1, 1997, at approximately 5:00 A.M., the decedent Juan Canela (hereinafter the decedent) returned to his apartment in a building owned by the defendant after an evening of drinking at his brother's house. The decedent climbed two exterior flights of stairs to reach the stair landing in front of the entrance door to the building. The landing was approximately 14 to 15 feet above the ground and at its edge was a stone wall, 2⅓-feet high and 1½-feet wide. The decedent elected to sit on the wall while waiting for his friend, who had made a stop to purchase some food, to join him. The decedent apparently fell asleep and ended up falling or rolling off the wall, landing on the ground 14 to 15 feet below, sustaining serious personal injuries. About an hour and a half after the accident, the decedent's blood alcohol concentration was checked at the hospital and it registered .227%.

The instant action was commenced against the defendant building owner alleging, inter alia, that violations of the Multiple Dwelling Law contributed to the decedent's accident. Specifically, it is alleged that Multiple Dwelling Law § 62 and Administrative Code of the City of New York § 27-376 require that parapet walls protecting stair landings be three feet, six inches above the level of such area. It is further alleged that the height of the wall in this case, 2⅓-feet high, violated the building codes and contributed to the decedent's accident.

The defendant moved for summary judgment asserting that the sole proximate cause of the accident was the decedent's intentional conduct in mounting the parapet wall and falling asleep while in an intoxicated condition and falling off the wall. The Supreme Court granted the defendant's motion. Since, in my view, any alleged defect in the maintenance of the

defendant's premises cannot be deemed a proximate cause of the decedent's injuries, I would affirm.

Under the circumstances presented herein, the plaintiff cannot establish that the alleged defect in the defendant's premises (the parapet wall not conforming to the requisite height) was a proximate cause of the decedent's injuries (*see Passarelli v Hirsch Assoc.,* 271 AD2d 590 [2000]; *Amadio v Pathmark Stores,* 253 AD2d 834 [1998]). There is no evidence that the decedent could not have mounted the parapet wall had it been 14 inches higher. The evidence clearly demonstrates that the decedent's injuries occurred solely from his own intentional decision to sit on the wall, his total lack of judgment in failing to enter his apartment, and, as a result, falling asleep in an intoxicated condition. Thus, damages may not be recovered herein because the decedent's intoxication, as a matter of law, was the sole cause of his injuries (*cf. Alami v Volkswagen of Am.,* 97 NY2d 281, 287 [2002]). Accordingly, the defendant is entitled to summary judgment dismissing the complaint.