■ JOSUE SUAZO et al., Appellants, v AJAY, INC, et al., Respondents, et al., Defendant. (And a Third-Party Action.) [760 NYS2d 220] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Barone, J.), entered March 14, 2002, which granted the motion of the defendants

Ajay, Inc., and Ajay Trucking Corp. for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court entered June 7, 2002, which granted the motion of the defendant Ball Chain Manufacturing Co., Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the orders are reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motions are denied, and the complaint is reinstated insofar as asserted against the respondents.

The accident in this case occurred in the parking lot of premises owned by Ball Chain Manufacturing Co., Inc. (hereinafter Ball Chain). Ball Chain leased a portion of the premises, and retained parking spaces in the parking lot for its own use. Ajay, Inc., and Ajay Trucking Corp. (hereinafter collectively Ajay) leased a portion of a building on the premises. According to the plaintiffs, Ajay's employees also used the parking lot. There were bollards, described as large yellow pipes, in the parking lot. Ajay acknowledges that it manufactured bollards.

While waiting with his mother for his father, an employee of Ajay, the infant plaintiff, age four at the time of the accident, pulled himself up on one of the bollards. The infant's mother explained at her deposition that she did not keep him away from the bollards since "I thought they were embedded." The bollard fell on the infant plaintiff's foot, causing him to sustain serious personal injuries. The plaintiffs sued, among others, Ajay and Ball Chain, to recover damages for personal injuries.

Ajay and Ball Chain separately moved for summary judgment. In granting summary judgment to Ajay, the Supreme Court acknowledged that Ajay "may have been under a duty to keep the area free of hazards," but found that Ajay "breached no duty" to the infant plaintiff on the ground that it could not have foreseen that the area would be used "as a playground for children." However, it is clear from the record that the presence of persons in the parking lot was foreseeable, as there is evidence that Ajay knew that employees were picked up there. It was foreseeable that an unsecured bollard could have struck a vehicle or pedestrian in the parking lot. The precise manner in which the accident happened need not be foreseen (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]; Canela v Audobon Garden Realty Corp., 304 AD2d 702 [2003]). Accordingly, Ajay's motion for summary judgment should have been denied.

Similarly, Ball Chain's motion for summary judgment should

have been denied. Ball Chain claimed that it was an out-of-possession landlord with no duty to the plaintiffs. However, there are issues of fact as to whether it retained possession and control of the premises (*see Downey v R. W. Garraghan, Inc.,* 198 AD2d 570 [1993]). Feuerstein, J.P., Goldstein, Friedmann and Crane, JJ., concur.