MADELINE MORR et al., Respondents, v COUNTY OF NASSAU et al., Appellants. [804 NYS2d 391]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Jonas, J.), dated October 28, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff allegedly was injured while playing at the Mitchell Field Athletic Complex when she slipped and fell into an uncovered steeplechase pit during a track meet. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We affirm.

The defendants made a prima facie showing of entitlement to summary judgment as a matter of law, shifting the burden to the plaintiffs to establish the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The plaintiffs did so (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). The defendants owed a duty of care to keep the premises in a reasonably safe condition (*see Basso v Miller*,

40 NY2d 233 [1976]). This duty included consideration of the known propensities of children to roam, climb and play (*see Collentine v City of New York*, 279 NY 119 [1938]). A question of fact exists as to whether the defendants breached their duty of maintaining the premises in a reasonably safe condition by failing to cover the steeplechase pit with the available specially-designed wooden cover. Moreover, schools are under a duty to adequately supervise the students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Reed v Pawling Cent. School Dist.*, 245 AD2d 281 [1997]; *Mirand v City of New York*, 84 NY2d 44, 49 [1994]). There is a question of fact as to whether the seven-year-old infant plaintiff was properly supervised. Adams, J.P., Luciano, Mastro and Skelos, JJ., concur.