■ Dennis Riddell et al., Appellants, v June A. Brown et al., Defendants, and Donald Beaver, Doing Business as Beaver Dairy Farm, Respondent. (Appeal No. 2.) [821 NYS2d 701]—Appeal from an order of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered July 5, 2005 in a personal injury action. The order granted the motion of defendant Donald Beaver, doing business as Beaver Dairy Farm, for summary judgment dismissing the complaint against him and denied plaintiffs' cross motion for leave to supplement the bill of particulars.

■ Dennis Riddell et al., Respondents, v June A. Brown, Appellant, et al., Defendants. (Appeal No. 5.) [820 NYS2d 924]—

Appeal from an order of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered February 14, 2006 in a personal injury action. The order denied the motion of defendant June A. Brown for summary judgment dismissing the complaint against her.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, and the complaint against defendant June A. Brown is dismissed.

Memorandum: Plaintiffs commenced this action against June A. Brown (defendant) and other defendants to recover damages for injuries they sustained when they struck an underground gas line, causing an explosion. We conclude that Supreme Court erred in denying the motion of defendant, the prior owner of the gas line, for summary judgment dismissing the complaint against her. Generally, liability for an allegedly defective condition on property must be based on "occupancy, ownership, control, or a special use of such premises. The existence of one or more of th[o]se elements is sufficient to give rise to a duty of care" (*Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296 [1988] [citations omitted], *lv dismissed in part and denied in part* 73 NY2d 783 [1988]). Defendant established her entitlement to judgment as a matter of law by submitting evidence establishing that, at the time of the accident, none of those elements was present, and plaintiffs failed to raise a triable issue of fact (*see id.* at 297; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Because defendant owed no duty of care to plaintiffs, she cannot be held liable for the allegedly defective condition on the property (*see Bruhns v Antonelli*, 255 AD2d 478 [1998]; *Balsam*, 139 AD2d at 296-297). Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.