■ KYLE SARBAK et al., Appellants, v RICHARD SEMENTILLI, Respondent. [858 NYS2d 763]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated March 29, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On July 9, 2005, at approximately 9:30 P.M., the infant plaintiff was playing with other children who had been invited to the defendant's house when he allegedly fell from an unstable rock on top of a stone retaining wall on the defendant's property. The children were using flashlights. One side of the stone retaining wall was flush with the yard, and there was a six- or seven-foot drop to a patio on the other side of the wall. The retaining wall was not straight, and the infant plaintiff fell

from a "V"-shaped corner area of the wall. He stated that he fell from the "path on the rock wall." There were trees growing from the patio in the area where the infant plaintiff fell, some of which were at or above the height of the retaining wall. When he fell, he allegedly was impaled upon a three-foot long, one-half-inch diameter metal rod which was protruding from the patio and supporting one of the tree saplings. The area allegedly was not lit at the time.

A landowner has a duty to maintain his premises in a reasonably safe condition to prevent foreseeable injuries (see *Basso v Miller*, 40 NY2d 233 [1976]). This duty includes consideration of the known propensities of children to roam, climb, and play, often in ways that imperil their safety (see *Collentine v City of New York*, 279 NY 119, 125 [1938]; *Morr v County of Nassau*, 22 AD3d 728, 728-729 [2005]; *Diven v Village of Hastings-On-Hudson*, 156 AD2d 538, 539 [1989]). What accidents are reasonably foreseeable, and what preventive measures should reasonably be taken, are ordinarily questions of fact (see *Diven v Village of Hastings-On-Hudson*, 156 AD2d at 539; see *Holtslander v Whalen & Sons*, 70 NY2d 962 [1988], *modfg for reasons stated in mem of Levine, J. concurring in part and dissenting in part*, 126 AD2d 917 [1987]; *Suazo v Ajay, Inc*, 305 AD2d 662 [2003]).

The defendant argued that there was no evidence of any dangerous or defective condition on his property, and that even if there was, he did not create or have actual or constructive notice of such a condition. The defendant failed to make a prima facie showing on either basis (see *Howe v Flatbush Presbyt. Church*, 48 AD3d 419 [2008]; *Hudlin v Epicurean Deli*, 46 AD3d 752 [2007]; *Jackson v Fenton*, 38 AD3d 495, 496 [2007]; *Givens v Amsco Auto Parts Inc.*, 11 AD3d 327, 327-328 [2004]). Accordingly, his motion for summary judgment should have been denied regardless of the sufficiency of the opposing papers (see *Khamis v CG Foods, Inc.*, 49 AD3d 606 [2008]). Lifson, J.P., Miller, Dillon and Eng, JJ., concur.