■ CHRISTOPHER SARNES, by His Father and Natural Guardian, MARK SARNES, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [900 NYS2d 894]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Aliotta, J.), dated March 30, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

According to the deposition testimony of the infant plaintiff, who was 12 years old at the time of the accident, he sustained injuries while attempting to do "chin-ups" on a metal bar that was connected to scaffolding in a schoolyard during his lunch recess. According to the infant plaintiff, there was only one school aide supervising approximately 300 students at the time of the accident.

The Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. The defendants failed to meet their prima facie burden of demonstrating that the accident was not proximately caused by their alleged negligent supervision of the infant plaintiff or their alleged negligent construction and/or maintenance of the scaffold (*see Sarbak v Sementilli*, 51 AD3d 1001, 1002 [2008]; *Oliverio v Lawrence Pub. Schools*, 23 AD3d 633, 634 [2005]; *Morr v County of Nassau*, 22 AD3d 728, 728-729 [2005]; *Rivera v Board of Educ. of City of Yonkers*, 19 AD3d 394 [2005]). Contrary to the defendants' contention and the conclusion of the Supreme Court, the doctrine of primary assumption of risk is not applicable to the facts herein (*see Trupia v Lake George Cent. School Dist.*, 14 NY3d 392 [2010]). Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur. **[Prior Case History: 23 Misc 3d 1103(A), 2009 NY Slip Op 50560(U).]**