■ ISAIAH SMITH, an Infant, by His Mother and Natural Guardian, SHATISHA SMITH-HAYWOOD, et al., Appellants, v CITY OF NEW YORK et al., Defendants, and THE DI GENNARO FAMILY YPDC LLC, Respondent. [923 NYS2d 504]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered July 15, 2010, which denied plaintiffs' motion for leave to renew defendants-respondents' motion for summary judgment dismissing the complaint as against them, deemed to

have granted renewal and adhered to the original determination, and so considered, unanimously reversed, on the law, without costs, and defendants' motion denied. Appeal from order, same court and Justice, entered March 19, 2010, unanimously dismissed, without costs, as superseded by the appeal from the July 15, 2010 order.

The infant plaintiff, then nine years old, broke his arm when he fell off the monkey bars at a park during a summer camp outing. Deposition testimony established that plaintiff had broken his arm falling off monkey bars when he was in kindergarten, that his mother did not allow him to play on monkey bars, that campers were not allowed to be in the monkey bar area, which was unsupervised, and that plaintiff had told his counselor, who was 10 to 15 yards away supervising the basketball court, that he was going to play on the monkey bars.

In light of plaintiff's testimony both that when he was in kindergarten he knew he could get hurt playing on monkey bars and that he did not think he would get hurt, we find that it cannot be determined as a matter of law that plaintiff "fully appreciated the risks involved in the activity in which he was engaged" (see Douglas v John Hus Moravian Church of Brooklyn, Inc., 8 AD3d 327, 329 [2004]). While plaintiff was not supposed to be in the monkey bar area and knew from a previous injury that he could get hurt if he fell from the monkey bars, we cannot say "that a [nine]-year-old boy 'assumed the risk' that his [counselors] would fail to supervise him" (see Trupia v Lake George Cent. School Dist., 14 NY3d 392, 397 [2010, Smith, J., concurring]).

Defendants failed to demonstrate that plaintiff's accident was not proximately caused by their alleged negligent supervision of him (see Mirand v City of New York, 84 NY2d 44, 49 [1994]; Sarnes v City of New York, 73 AD3d 1154, 1155 [2010]). Concur—Tom, J.P., Saxe, Moskowitz, Acosta and Abdus-Salaam, JJ. [**Prior Case History: 2010 NY Slip Op 31886(U).**]