MIMI IWELU, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [934 NYS2d 229]—

A landowner has a duty to maintain his or her premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233, 241 [1976]). However, he or she has no duty to protect or warn against an open and obvious condition, which as a matter of law is not inherently dangerous (*see Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]).

Here, the Transit Authority established, prima facie, its entitlement to judgment as a matter of law by submitting evidence, inter alia, in the form of expert affidavits and photographs of the accident scene, showing that the aspect of the riser which allegedly caused the plaintiff to fall was readily observable by the reasonable use of one's senses and was not inherently dangerous (*see Russ v Fried*, 73 AD3d 1153, 1154 [2010]; *Pipitone v 7-Eleven, Inc.*, 67 AD3d 879, 880 [2009]; *Harris v APW Supermarkets, Inc.*, 63 AD3d 1000, 1001 [2009]; *Espada v Mid-Island Babe Ruth League, Inc.*, 50 AD3d 843 [2008]; *Tenenbaum v Best 21 Ltd.*, 15 AD3d 646 [2005]; *Mansueto v Worster*, 1 AD3d 412, 413 [2003]).

Contrary to the plaintiff's contention, her deposition testimony was insufficient to raise a triable issue of fact as to whether a lighting condition was a proximate cause of the accident (*see Outlaw v Citibank, N.A.*, 35 AD3d 564 [2006]; *Leib v Silo Rest., Inc.*, 26 AD3d 359, 360 [2006]; *Gordon v New York City Tr. Auth.*, 267 AD2d 201, 202 [1999]; *Curran v Esposito*, 308 AD2d 428, 429 [2003]). Furthermore, the plaintiff's expert's affidavit was conclusory and insufficient to raise a triable issue of fact as to whether the partially open riser constituted an inherently dangerous condition (*see Losciuto v City Univ. of N.Y.*, 80 AD3d 576, 577 [2011]; *Grob v Kings Realty Assoc.*, 4 AD3d 394, 395 [2004]). Accordingly, the Supreme Court should have granted the Transit Authority's motion for summary judgment dismissing the complaint insofar as asserted against it. Angiolillo, J.P., Dickerson, Lott and Miller, JJ., concur.