*761 The infant plaintiff allegedly broke his right arm when he fell from a piece of playground equipment known as a “rocking tube” at a park located in the Town of Ossining. The infant plaintiff’s mother was supervising him at the time of the accident.
The plaintiffs commenced this action against the Town of Ossining and the Town of Ossining Parks and Recreation Department (hereinafter together the Town defendants), and the manufacturer of the rocking tube, Kompan, Inc. (hereinafter Kompan), alleging that the rocking tube was unreasonably dangerous because it did not have a railing or handle, and it did not have a sign warning that it may move when weight is placed upon it. The plaintiffs further alleged that the Town defendants were negligent in failing to provide an adequate playground surface or ground cover underneath the rocking tube.
After discovery, Kompan moved, and the Town defendants cross-moved, for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. In an order entered November 15, 2011, the Supreme Court granted Kompan’s motion, but denied the Town defendants’ cross motion. The Town appeals from the denial of its cross motion, and we reverse the order insofar as appealed from.
“A landowner has a duty to exercise reasonable care to maintain its premises in a reasonably safe condition ‘in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk’ ” (Salomon v Prainito, 52 AD3d 803, 804-805 [2008], quoting Basso v Miller, 40 NY2d 233, 241 [1976]; see Iwelu v New York City Tr. Auth., 90 AD3d 712, 713 [2011]; Sarbak v Sementilli, 51 AD3d 1001, 1002 [2008]). Here, the Town defendants established their prima facie entitlement to judgment as a matter of law by presenting evidence that the rocking tube was not unreasonably dangerous. In this regard, the Town defendants submitted expert evidence demonstrating that the subject apparatus was tested by the International Play Equipment Manufacturers Association, which found that it conformed with the relevant safety guidelines promulgated by the American Society for Testing and Materials (hereinafter ASTM). The Town defendants also established that they provided signage for the apparatus that complied with ASTM guidelines. Additionally, *762 the Town defendants demonstrated that the depth of the compacted wood chip surface beneath the apparatus conformed with such guidelines and that the surface was maintained in a reasonably safe condition (see Daefler v Briarcliff Manor Union Free School Dist., 72 AD3d 872, 873 [2010]; Giulini v Union Free School Dist. # 1, 70 AD3d 632, 633 [2010]; Newman v Oceanside Union Free School Dist., 23 AD3d 631, 631-632 [2005]; Banks v Freeport Union Free School Dist., 302 AD2d 341, 341 [2003]). In opposition, the plaintiffs and Kompan failed to raise a triable issue of fact. While the plaintiffs submitted the affidavit of a licensed professional engineer, their expert did not establish that he had any specialized knowledge, experience, training, or education regarding playground equipment so as to qualify him to render an opinion in this area (see O’Boy v Motor Coach Indus., Inc., 39 AD3d 512, 514 [2007]; Rosen v Tanning Loft, 16 AD3d 480, 481 [2005]; Shea v Sky Bounce Ball Co., 294 AD2d 486, 487 [2002]).
Accordingly, the Town defendants’ cross motion should have been granted. Angiolillo, J.E, Dickerson, Belen and Miller, JJ., concur.