■ ADAM WOLFE, Respondent, v NORTH MERRICK UNION FREE SCHOOL DISTRICT, Appellant. [996 NYS2d 125]—

In an action to recover damages for personal injuries, the de-

fendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated October 1, 2013, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 20, 2010, shortly after midnight, the plaintiff and a group of his friends were on the premises of the Old Mill Road School in North Merrick, playing a game that they called "manhunt." As described in the record, the rules and objective of manhunt are analogous to those of hide-and-seek. While they were playing this game, the plaintiff allegedly sustained personal injuries when he tripped over an elevated concrete platform and fell down an exterior stairway leading to the school's basement. The plaintiff commenced this action against the defendant alleging, among other things, that the area where the accident occurred was pitch dark and that he saw neither the elevated platform nor the staircase before he tripped and fell. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. The defendant appeals.

Contrary to the plaintiff's contention, the defendant's motion for summary judgment was timely (*see Steisel v Golden Reef Diner*, 67 AD3d 670, 670-671 [2009]). Nevertheless, the Supreme Court properly denied the defendant's motion on the merits. First, the defendant failed to establish its prima facie entitlement to judgment as a matter of law on the ground that the action was barred by the doctrine of primary assumption of risk (*see Gallagher v County of Nassau*, 74 AD3d 877, 879 [2010]). As the Court of Appeals explained in *Trupia v Lake George Cent. School Dist.* (14 NY3d 392 [2010]), the doctrine of primary assumption of risk is most persuasively justified for its utility in facilitating " 'free and vigorous participation in athletic activities' " (*id.* at 395, quoting *Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657 [1989]). By placing the risk of participation on the participants themselves, rather than on the sponsor, the doctrine encourages sponsorship, which leads to more participation (*see Custodi v Town of Amherst*, 20 NY3d 83, 88 [2012]). The doctrine of primary assumption of risk is not applicable to the midnight game of manhunt at issue in this case. As with the "horseplay" at issue in *Trupia*, the game of manhunt at issue in this case is not the sort of "socially valuable voluntary activity" that the doctrine seeks to encourage (*Trupia v Lake George Cent. School Dist.*, 14 NY3d at 396). Therefore, the defendant did not establish that the doctrine of

primary assumption of risk applies here (*see Custodi v Town of Amherst*, 20 NY3d at 88-89; *Walker v City of New York*, 82 AD3d 966, 966-967 [2011]).

Alternatively, the defendant contends that the evidence establishes that the plaintiff's own conduct was the sole proximate cause of his injuries. Inasmuch as there may be more than one proximate cause of a plaintiff's injuries (*see Sirlin v Schreib*, 117 AD3d 819, 819 [2014]), the defendant was required to demonstrate, prima facie, that it was free from comparative negligence (*see Cortez v Northeast Realty Holdings, LLC*, 78 AD3d 754, 756 [2010]; *cf. Canela v Audobon Gardens Realty Corp.*, 304 AD2d 702, 703 [2003]). The defendant established its prima facie entitlement to judgment as a matter of law by submitting the plaintiff's deposition testimony describing the midnight game of manhunt and the affidavit of its expert, who opined that the amount of lighting was sufficient to illuminate the subject staircase on the night of the accident such that the staircase should have been open and obvious. In opposition, the plaintiff raised a triable issue of fact as to whether the defendant was comparatively negligent. The plaintiff submitted the affidavits of two of his friends who were also playing manhunt on the night of the accident, who stated that the area of the staircase was completely dark, and the affidavit of an expert who opined that the lighting at the staircase on the night of the accident was insufficient and below the minimum requirements set by good and accepted engineering practice. We note that, even under the plaintiff's own account of the incident, his conduct "surely and very substantially contributed to his injury" (*Soto v New York City Tr. Auth.*, 6 NY3d 487, 493 [2006]). Nonetheless, in light of the existence of triable issues of fact as to the defendant's comparative negligence, it is for the trier of fact to determine whether the defendant bears responsibility for the plaintiff's injuries, and if so, to what degree (*see id.* at 492). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint (*see Canela v Audobon Gardens Realty Corp.*, 304 AD2d at 703). Balkin, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.