# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**284**
**CA 14-01684**
PRESENT: SCUDDER, P.J., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

ADAM WEIERHEISER, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MCCANN'S INC., DOING BUSINESS AS MOONEY'S
SPORTS BAR & GRILL, AND DARRT AMUSEMENT, INC.,
DEFENDANTS-APPELLANTS.

---

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR
DEFENDANT-APPELLANT MCCANN'S INC., DOING BUSINESS AS MOONEY'S SPORTS
BAR & GRILL.

SHANE & REISNER, LLP, OLEAN (JOHN M. COYLE OF COUNSEL), FOR
DEFENDANT-APPELLANT DARRT AMUSEMENT, INC.

CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered April 15, 2014. The order denied the motions of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while using an entertainment device owned by defendant Darrt Amusement, Inc. (Darrt) and installed at premises owned by defendant McCann's Inc., doing business as Mooney's Sports Bar & Grill (McCann's). Defendants each moved for summary judgment dismissing the amended complaint against them, and Supreme Court denied the motions. We affirm.

In support of its motion, McCann's contended that the action against it is barred by the doctrine of assumption of the risk. The court properly rejected that contention. This is not a situation in which McCann's, "solely by reason of having sponsored or otherwise supported some risk-laden but socially valuable voluntary activity[,] has been called to account in damages," and thus the doctrine of assumption of the risk does not apply (*Trupia v Lake George Cent. Sch. Dist.*, 14 NY3d 392, 396; *see Custodi v Town of Amherst*, 20 NY3d 83, 88; *see generally Wolfe v North Merrick Union Free Sch. Dist.*, 122 AD3d 620, 621). Although McCann's amended notice of motion referenced the further contention that plaintiff's conduct was the sole proximate

cause of his injuries, that contention was not addressed in a supporting affidavit or affirmation and thus it is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD3d 984, 985). In light of our decision, we do not address McCann's remaining contention.

We likewise conclude that the court properly rejected Darrt's contention in support of its motion that it owed no duty of care to plaintiff. "Liability for a dangerous condition on property is predicated upon occupancy, ownership, control or a special use of [the] premises . . . The existence of one or more of these elements is sufficient to give rise to a duty of care" (*Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296, *lv dismissed in part and denied in part* 73 NY2d 783). Here, Darrt failed to establish that none of those elements was present (*cf. Riddell v Brown* [appeal No. 5], 32 AD3d 1212, 1213, *lv denied* 8 NY3d 802; *see generally Parslow v Leake*, 117 AD3d 55, 61-62). We likewise reject Darrt's alternative contention in support of its motion, i.e., that even if it had a duty to plaintiff, it established that it did not breach that duty. In support of its motion, Darrt submitted evidence that Darrt's employees initially placed the device on the premises, but the employee who placed the device did not recall whether the location was in a corner. Darrt also submitted the deposition testimony of its vice president, who testified that the device should be placed in an area that had sufficient side clearance because of the follow through inherent in every punch to the device, and that placing the device in a corner could lead to a player hitting the wall. We thus conclude that, by its own submissions, Darrt failed to meet its initial burden of establishing its entitlement to summary judgment (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered: March 27, 2015                    Frances E. Cafarell
                                           Clerk of the Court