■ AKILAH MOSELEY et al., Respondents, v PHILIP HOWARD APARTMENTS TENANTS CORP., Appellant, et al., Defendants. (And Third-Party Actions.) (Appeal No. 1.) AKILAH MOSELEY et al., Appellants, v PHILIP HOWARD APARTMENTS TENANTS CORP. et al, Defendants, and SWING N SLIDE CORPORATION, Respondent. (And Third-Party Actions.) (Appeal No. 2.) [22 NYS3d 101]—

In an action, inter alia, to recover damages for personal injuries, the defendant Philip Howard Apartments Tenants Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated May 8, 2014, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs separately appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendant Swing N Slide Corporation which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Philip Howard Apartments Tenants Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants Swing N Slide Corporation and Philip Howard Apartments Tenants Corp.

The then-10-year-old infant plaintiff allegedly was injured when she lost her balance and fell backwards onto the ground while she was climbing on the outside of a tube slide, which is an enclosed spiral tube made of plastic. The tube slide was manufactured by the defendant Swing N Slide Corporation (hereinafter Swing N Slide) and located in the playground of her apartment complex, which was owned by the defendant Philip Howard Apartments Tenants Corp. (hereinafter Philip Howard).

The plaintiffs commenced this action against Philip Howard and Swing N Slide, among others, alleging, inter alia, that the playground was not maintained in a reasonably safe condition, the tube slide was defectively designed, and the defendants failed to warn of the danger of climbing on the slide. Philip Howard and Swing N Slide separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. In support of its motion, Philip Howard argued that it maintained the playground in a reasonably safe condition, did not create the allegedly dangerous condition or have notice of its existence, and that the infant plaintiff assumed the risk of injury by playing on the outside of tube slide. In support of its motion, Swing N Slide argued that the tube slide was not defective, it had no duty to warn users of the dangers of climbing on the outside of the tube slide because the infant plaintiff should have been aware of such dangers, and that the infant plaintiff's misuse of the tube slide was the sole proximate cause of her injuries.

In the order appealed from, the Supreme Court, inter alia, denied Philip Howard's motion and granted Swing N Slide's motion. Philip Howard appeals from so much of the order as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs appeal from so much of the order as granted that branch of Swing N Slide's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Contrary to the plaintiffs' contention, Swing N Slide established its prima facie entitlement to judgment as a matter of law by demonstrating that the tube slide was not inherently dangerous or otherwise defectively designed (*see Troiani v White Plains City School Dist.*, 64 AD3d 701 [2009]; *Newman v Oceanside Union Free School Dist.*, 23 AD3d 631, 631-632 [2005]; *Prosser v County of Erie*, 244 AD2d 942, 943 [1997]). In addition, as here, "there is no liability for failure to warn where [the] risks and dangers are so obvious that they can ordinarily be appreciated by any consumer to the same extent that a formal warning would provide . . . or where they can be recognized simply as a matter of common sense" (*Carbone v Alagna*, 239 AD2d 454, 456 [1997] [internal quotation marks and citations omitted]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of Swing N Slide's motion which was for summary judgment dismissing the complaint insofar as asserted against (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Philip Howard also was entitled to judgment as a matter of law. "A landowner has a duty to exercise reasonable care to maintain its premises in a reasonably safe condition 'in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (*Salomon v Prainito*, 52 AD3d 803, 804-805 [2008], quoting *Basso v Miller*, 40 NY2d 233, 241 [1976]; *see Iwelu v New York City Tr. Auth.*, 90 AD3d 712 [2011]; *Sarbak v Sementilli*, 51 AD3d 1001, 1002 [2008]). "A defendant in a premises liability case may establish its prima facie entitlement to judgment as a matter of law, inter alia, by establishing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient time to remedy it, or that the accident was not foreseeable" (*Smith v New York City Hous. Auth.*, 52 AD3d 808, 808 [2008] [citations omitted]).

Here, Philip Howard demonstrated its prima facie entitlement to judgment as a matter of law by submitting proof that the tube slide, which was neither inherently dangerous nor defectively designed, was installed and maintained in a reasonably safe condition. Moreover, there is no duty imposed upon a landlord to supervise children who are properly upon its premises (*see Goldschmidt v City of New York*, 123 AD3d 1087 [2014]; *cf. Mirand v City of New York*, 84 NY2d 44, 49 [1994]). In opposition, the plaintiffs failed to raise a triable issue of fact. In this regard, we note that the plaintiffs' expert alleged that Philip Howard did not comply with safety guidelines promulgated by the American Society for Testing and Materials. However, "such guidelines are insufficient to raise an issue of fact regarding negligent design or installation" (*Troiani v White Plains City School Dist.*, 64 AD3d at 702; *see Miller v Kings Park Cent. School Dist.*, 54 AD3d 314 [2008]; *Davidson v Sachem Cent. School Dist.*, 300 AD2d 276, 277 [2002]). Accordingly, the Supreme Court should have granted that branch of Philip Howard's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

In light of our determination, the parties' remaining contentions have been rendered academic. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.