■ Conor Duffy, an Infant, by His Mother and Natural Guardian, Kathleen Duffy, Appellant, v Long Beach City School District et al., Respondents. [22 NYS3d 88]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bruno, J.), dated December 15, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

In October 2011, the then 15-year-old plaintiff was a member of his high school's junior varsity football team. After the school day had ended, and after changing into his practice gear in the locker room, the plaintiff went to the practice field with other members of his team to wait for football practice to begin. The players were unsupervised while they waited; there were no football coaches present on the practice field. While they waited for practice to begin, the plaintiff and other members of the team began taking turns using a piece of practice equipment called a blocking sled to catapult each other into the air. Two other members of the team were propelled into the air before the plaintiff took his turn. The plaintiff was propelled about 10 or 15 feet into the air, and when he landed he fractured both of his wrists. The plaintiff stated that about 20 minutes passed between the time the players first went over to the blocking sled and the time that he was injured. The plaintiff's head coach later testified that if he or any other coaches had been out on the practice field, they would not have allowed the players to use the blocking sled to catapult each other into the air.

The plaintiff commenced this action to recover damages for negligent supervision, and the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motion, concluding that the plaintiff assumed the risk of injury by choosing to engage in the conduct that resulted in his injury. The plaintiff appeals.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Stephenson v City of New York*, 19 NY3d 1031, 1033 [2012]). A school must " 'exercise such care of [its students] as a parent of ordinary prudence would observe in comparable circumstances' " (*Mirand v City of New York*, 84 NY2d at 49, quoting *Hoose v Drumm*, 281 NY 54, 58 [1939]; *see Stephenson v City of New York*, 19 NY3d at 1033). "The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of

parents and guardians" (*Mirand v City of New York*, 84 NY2d at 49). "The school's duty is thus coextensive with and concomitant to its physical custody of and control over the child" (*Pratt v Robinson*, 39 NY2d 554, 560 [1976]). "When that custody ceases because the child has passed out of the orbit of its authority in such a way that the parent is perfectly free to reassume control over the child's protection, the school's custodial duty also ceases" (*Pratt v Robinson*, 39 NY2d at 560; *see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 671-672 [1999]).

Contrary to the defendants' contention, they failed to demonstrate that they had relinquished custody and control of the plaintiff at the time of the accident. To the contrary, the record demonstrates that the defendants retained custody and control over the plaintiff at the time of the accident, and that the junior varsity head coach was responsible for his supervision. Under the circumstances, "the mere fact that the accident occurred following the formal end of classes for the day is without legal significance" (*Khosrova v Hampton Bays Union Free Sch. Dist.*, 99 AD3d 669, 671 [2012]; *see Nash v Port Wash. Union Free School Dist.*, 83 AD3d 136, 148 [2011]; *see also Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 671-672 [1999]). Accordingly, the defendants failed to establish, prima facie, that they had no duty to supervise the plaintiff at the time of the accident (*see Khosrova v Hampton Bays Union Free Sch. Dist.*, 99 AD3d at 671-672; *Nash v Port Wash. Union Free School Dist.*, 83 AD3d at 148; *cf. Reed v Pawling Cent. School Dist.*, 245 AD2d 281, 281-282 [1997]).

Furthermore, the defendants failed to establish their prima facie entitlement to judgment as a matter of law on the ground that the action was barred by the doctrine of primary assumption of risk. The doctrine of primary assumption of risk is most persuasively justified for its utility in facilitating " 'free and vigorous participation in athletic activities' " (*Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 395 [2010], quoting *Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 657 [1989]). By placing the risk of participation on the participants themselves, rather than on the sponsor, the doctrine encourages sponsorship, which leads to more opportunities to participate in sports or other recreational activities (*see Custodi v Town of Amherst*, 20 NY3d 83, 88 [2012]). The doctrine of primary assumption of risk is not applicable to the conduct at issue in this case. As with the "horseplay" at issue in *Trupia*, the use of the blocking sled to catapult each other into the air is not the sort of "socially valuable voluntary activity" that the

doctrine seeks to encourage (*Trupia v Lake George Cent. School Dist.*, 14 NY3d at 396; *see Wolfe v North Merrick Union Free Sch. Dist.*, 122 AD3d 620, 621-622 [2014]; *Walker v City of New York*, 82 AD3d 966, 966-967 [2011]; *Sarnes v City of New York*, 73 AD3d 1154, 1155 [2010]; *cf. Barretto v City of New York*, 229 AD2d 214 [1997]). Furthermore, the defendants did not establish that the commonly appreciated risks which are inherent in and arise out of the nature of football generally and flow from such participation on the football team included the risk of sustaining injury after being catapulted through the air by a blocking sled (*see Braile v Patchogue Medford Sch. Dist. of Town of Brookhaven, Suffolk County, N.Y.*, 123 AD3d 960, 962 [2014]; *cf. Litz v Clinton Cent. Sch. Dist.*, 126 AD3d 1306, 1307-1308 [2015]). Accordingly, the defendants did not establish that the doctrine of primary assumption of risk applies here (*see Custodi v Town of Amherst*, 20 NY3d at 88-89; *Trupia v Lake George Cent. School Dist.*, 14 NY3d at 396; *Braile v Patchogue Medford Sch. Dist. of Town of Brookhaven, Suffolk County, N.Y.*, 123 AD3d 960, 962 [2014]; *Wolfe v North Merrick Union Free Sch. Dist.*, 122 AD3d 620, 621-622 [2014]; *Walker v City of New York*, 82 AD3d 966, 966-967 [2011]; *Sarnes v City of New York*, 73 AD3d 1154, 1155 [2010]).

Contrary to the defendants' further contention, they failed to establish, as a matter of law, that they adequately supervised the plaintiff or that, even if they had, the incident occurred in such a short span of time that it could not have been prevented by the most intense supervision (*see Weiner v Jericho Union Free School Dist.*, 89 AD3d 728, 730 [2011]; *Luciano v Our Lady of Sorrows School*, 79 AD3d 705, 705 [2010]). Accordingly, to the extent that the defendants contend that they are entitled to summary judgment on the ground that the plaintiff's conduct was the sole proximate cause of his injuries, this contention is without merit inasmuch as the defendants failed to establish, prima facie, that they were free from negligence (*see Wolfe v North Merrick Union Free Sch. Dist.*, 122 AD3d 620, 621-622 [2014]).

Since the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.