Munoz v Kiryat Stockholm, LLC (2018 NY Slip Op 04552)





Munoz v Kiryat Stockholm, LLC


2018 NY Slip Op 04552


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-05732
 (Index No. 704/14)

[*1]Alvaro Munoz, respondent, 
v
Kiryat Stockholm, LLC, appellant, et al., defendants.


Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Meredith Drucker Nolen and Nicholas P. Hurzeler of counsel), for appellant.
Talisman & DeLorenz, P.C. (Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY [Jonathan A. Dachs], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Kiryat Stockholm, LLC, appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated March 21, 2017. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained personal injuries when he attempted to move a discarded radiator from a common area in a rental building in Brooklyn. The walk-up building at issue comprised three floors and one staircase. There were two units on each floor, and the plaintiff and his family occupied one of the two units on the top floor. The plaintiff alleged that the radiator had been in the common area outside his apartment for approximately five months prior to the incident, and that it was placed one foot away from the top of the staircase. He further alleged that his family members had complained to the defendant landlord, Kiryat Stockholm, LLC (hereinafter the defendant landlord), numerous times prior to the incident that the radiator was obstructing the path of travel to and from the staircase. The defendant landlord did not remove the radiator. On the day of the incident, the plaintiff attempted to move the radiator away from the staircase. The radiator was very heavy, and the plaintiff allegedly injured himself as he attempted to move it.
The plaintiff commenced this action against the defendant landlord, among others. The defendant landlord moved for summary judgment dismissing the complaint insofar as asserted against it, contending that the plaintiff's conduct was the sole proximate cause of the accident. The Supreme Court denied the motion, and the defendant landlord appeals.
The defendant landlord failed to establish, prima facie, that it was not foreseeable that the plaintiff would attempt to move the heavy radiator and that the plaintiff's conduct constituted a superseding and intervening act which severed any nexus between the defendant landlord's alleged negligence and the plaintiff's injuries (see Hain v Jamison, 28 NY3d 524, 529; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; Suazo v Ajay, Inc., 305 AD2d 662, 663; Dumbadze v Schwatt, 291 AD2d 529, 529-530; Jackson v New York City Hous. Auth., 214 AD2d 605, 606; Shutak v Handler, [*2]190 AD2d 345). Accordingly, we agree with the Supreme Court's determination to deny the defendant landlord's motion for summary judgment without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court