Valenzuela v Metro Motel, LLC (2019 NY Slip Op 01639)





Valenzuela v Metro Motel, LLC


2019 NY Slip Op 01639


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-00287
 (Index No. 3113/13)

[*1]Michael Valenzuela, etc., respondent,
v
Metro Motel, LLC, et al., appellants.


Molod Spitz & DeSantis, P.C., New York, NY (Salvatore J. DeSantis of counsel), for appellants.
Cellino & Barnes, New York, NY (John E. Lavelle of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered October 4, 2017. The order, insofar as appealed from, upon renewal, adhered to the determination in an order of the same court entered September 24, 2015, denying the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order entered October 4, 2017, is reversed insofar as appealed from, on the law, with costs, upon renewal, the order entered September 24, 2015, is vacated, and the defendants' motion for summary judgment dismissing the complaint is granted.
On the evening of September 7, 2012, the plaintiff's infant son (hereinafter the infant) allegedly was injured when his leg became caught in a gap between two platforms on playground equipment located within premises owned by the defendants. The plaintiff, suing on behalf of the infant and derivatively, subsequently commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that the playground equipment was not in a defective condition. While the motion was pending, the parties stipulated to settle the action pending approval from the Supreme Court of the settlement "in the form of an infant's compromise order." The court denied the motion without prejudice to renew in the event that the court did not approve the infant's compromise order. The infant's compromise order was not approved, and the defendants moved for leave to renew their motion for summary judgment dismissing the complaint. Upon renewal, the court denied the motion for summary judgment dismissing the complaint. The defendants appeal.
"A landowner has a duty to exercise reasonable care to maintain its premises in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk'" (Salomon v Prainito, 52 AD3d 803, 804-805, quoting Basso v Miller, 40 NY2d 233, 241; see Moseley v Philip Howard Apts. Tenants Corp., 134 AD3d 785, 787; Iwelu v New York City Transit Auth., 90 AD3d 712). Here, upon renewal, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. In support of the motion, the defendants submitted, inter alia, [*2]an expert affidavit, which established, prima facie, that the playground apparatus was not in violation of any relevant statutes or safety guidelines, that it was maintained in a reasonably safe condition, that the platforms were nonhazardous, and that the gaps between the platforms did not violate any applicable guidelines or standards (see Moseley v Philip Howard Apts. Tenants Corp., 134 AD3d at 787; Y.H. v Town of Ossining, 99 AD3d 760, 761; Newman v Oceanside Union Free School Dist., 23 AD3d 631; Belkin v Middle Country Cent. School Dist., 261 AD2d 563). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, upon renewal, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court