Mulligan v Long Is. Fury Volleyball Club (2019 NY Slip Op 09274)





Mulligan v Long Is. Fury Volleyball Club


2019 NY Slip Op 09274


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-06009
 (Index No. 622207/17)

[*1]Sarah Mulligan, respondent, 
v
Long Island Fury Volleyball Club, appellant, et al., defendants.


Barnes Catterson LoFrumento Barnes LLP, Melville, NY (Leo K. Barnes, Jr., and Ryan J. McMahon of counsel), for appellant.
Raiser & Kenniff, P.C., Mineola, NY (Ethan D. Irwin of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Long Island Fury Volleyball Club appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated May 1, 2018. The order, insofar as appealed from, denied those branches of the motion of the defendant Long Island Fury Volleyball Club which were pursuant to CPLR 3211(a)(7) to dismiss the first cause of action, in effect, alleging negligent supervision and breach of fiduciary duty, insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Long Island Fury Volleyball Club which was pursuant to CPLR 3211(a)(7) to dismiss so much of the first cause of action as, in effect, alleged breach of fiduciary duty insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff played volleyball for the defendant Long Island Fury Volleyball Club, Inc. (hereinafter the Club), when she was a middle school and high school student. The plaintiff alleges that the defendant Allan Concepcion, a coach for the Club, engaged in unlawful sexual conduct with her during tournaments sponsored by the Club. The plaintiff commenced the instant action against the Club, among others. The first cause of action effectively alleged negligent supervision and breach of fiduciary duty against the Club. The Club moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss that cause of action. The Supreme Court denied the motion, and the Club appeals.
When determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, "the pleading is to be given a liberal construction, the allegations contained within it are assumed to be true and the plaintiff is to be afforded every favorable inference" (Simkin v Blank, 19 NY3d 46, 52).
Contrary to the Club's contention, it did not demonstrate its entitlement to dismissal of the first cause of action which was based on the theory of negligent supervision. The Club argues that it did not owe a duty to the plaintiff because she was within the care and custody of her parents [*2]during the subject volleyball tournaments. However, the plaintiff alleged that, while her parents attended the games during the day, she stayed overnight in a hotel room with the other Club players, under the supervision of the Club coaches, and that it was at the hotel that the abuse occurred (see Beninati v City of Troy, 163 AD3d 1241, 1242; Duffy v Long Beach City Sch. Dist., 134 AD3d 761, 763; cf. "John Doe 1" v Board of Educ. of Greenport Union Free Sch. Dist., 100 AD3d 703, 705; Shelia C. v Povich, 11 AD3d 120, 128-129). Indeed, the plaintiff contended, with respect to at least one tournament, that her parents stayed at a different hotel. Accordingly, we agree with the Supreme Court's determination to deny that branch of the Club's motion which was to dismiss so much of the first cause of action as, in effect, alleged negligent supervision.
However, the Supreme Court should have granted that branch of the Club's motion which was to dismiss so much of the first cause of action as, in effect, alleged breach of fiduciary duty, as the plaintiff failed to allege facts from which the existence of a fiduciary relationship between her and the Club could be inferred (see Doe v Holy See [State of Vatican City], 17 AD3d 793, 795-796).
The Club's remaining contention is without merit.
BALKIN, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court