C.N. v Pat Corsetti, Inc. (2020 NY Slip Op 07077)





C.N. v Pat Corsetti, Inc.


2020 NY Slip Op 07077


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2018-04935
 (Index No. 32370/15)

[*1]C.N., etc., appellant, 
v
Pat Corsetti, Inc., defendant, Playcore Wisconsin, Inc., et al., respondents (and a third party action).


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY [Eric Mauslof], of counsel), for appellant.
McAndrew, Conboy & Prisco LLP, Melville, NY (Mary C. Azzaretto of counsel), for respondent Playcore Wisconsin, Inc.
Henderson & Brennan, White Plains, NY (Lauren J. Demase of counsel), for respondent Village of Spring Valley.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated March 20, 2018. The order, insofar as appealed from, granted the separate motions of the defendant Playcore Wisconsin, Inc., and the defendant Village of Spring Valley for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff, an infant, commenced this action by her father to recover damages for personal injuries she alleged she sustained when she fell from the top of playground equipment manufactured by the defendant Playcore Wisconsin, Inc. (hereinafter Playcore), and installed in a playground owned and maintained by the defendant Village of Spring Valley. At the time of the incident, the plaintiff was 2 years old; she was at the playground with her mother who was present when she fell. Although the mother testified at her deposition that she did not see the posted signs, it is undisputed that the Village had posted signs at that area of the playground indicating that the playground equipment at issue was for children ranging in age from 5 to 12. The playground had other signs designating another area of playground equipment suitable for children ages 2 to 12.
Playcore and the Village separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated March 20, 2018, the Supreme Court, inter alia, granted the motions. The plaintiff appeals.
Playcore established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the playground equipment from which the plaintiff fell complied with relevant safety guidelines (see e.g. Newman v Oceanside Union Free School Dist., [*2]23 AD3d 631, 631-632), and was not inherently dangerous or otherwise defective (see Moseley v Philip Howard Apts. Tenants Corp., 134 AD3d 785, 786; Belkin v Middle Country Cent. School Dist., 261 AD2d 563, 563). Indeed, Playcore demonstrated that it provided labels and signs to the purchaser which indicated that use of that playground equipment was only appropriate for children ranging in age from 5 to 12 (see Belkin v Middle Country Cent. School Dist., 261 AD2d at 563).
The affidavit of an engineer submitted by the plaintiff in opposition failed to raise a triable issue of fact, as the engineer failed to show that he had any specialized knowledge, experience, training, or education regarding playground equipment that would qualify him to render an opinion on the safety of the playground equipment at issue (see e.g. Y.H. v Town of Ossining, 99 AD3d 760, 761-762).
Although the Village had a duty to maintain the playground in a reasonably safe condition (see Solomon v City of New York, 66 NY2d 1026, 1027), it established its prima facie entitlement to judgment as a matter of law by submitting evidence that the playground equipment at issue was not defective or in violation of any applicable safety guidelines, and that the playground was maintained in a reasonably safe condition (see Valenzuela v Metro Motel, LLC, 170 AD3d 780, 781). The plaintiff failed to raise a triable issue of fact in opposition (see id. at 781).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting the separate motions of Playcore and the Village for summary judgment dismissing the complaint insofar as asserted against each of them.
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court