■ K.J., an Infant, by His Father and Natural Guardian, LONNIE JEFFERSON, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [65 NYS3d 522]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Genovesi, J.), dated July 7, 2016, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Board of Education of the City of New York and New York City Department of Education.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Board of Education of the City of New York and New York City Department of Education is denied.

On December 1, 2014, the then 14-year-old infant plaintiff allegedly sustained personal injuries, including a fractured orbital bone, when he was assaulted by four fellow students in a stairwell leading from the cafeteria at Abraham Lincoln High School in Brooklyn. The infant plaintiff, by his father and natural guardian, and his father, individually, commenced this action alleging, inter alia, negligent supervision. In an order dated July 7, 2016, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiffs appeal from so much of the order as granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Board of Education of the City of New York and New York City Department of Education (hereinafter together the DOE). We reverse the order insofar as appealed from.

In support of their motion, the defendants relied upon the plaintiffs' testimony at hearings held pursuant to General Municipal Law § 50-h, and deposition testimony of a school safety officer. The infant plaintiff testified that while he was in the cafeteria during the lunch period, one of the assailants threw an object at him. The infant plaintiff went over to the assailants' table, and one of the assailants repeatedly challenged him to a fight. The infant plaintiff declined the challenges to fight and returned to his table without reporting the incident to any school personnel. The infant plaintiff then observed the assailants exit the cafeteria and one of the assailants walk toward the stairwell. At the end of the lunch period, the infant plaintiff exited the cafeteria doors to the stairwell in order to go to his next class, which was located up the stairs. The four assailants blocked the infant plaintiff's access to the stairs and proceeded to punch and kick him. The infant plaintiff estimated that he was punched and kicked for 25 seconds. After the assault, the infant plaintiff fled the stairwell back into the cafeteria where he found a dean who took him to the nurse's office. It is undisputed that there were no school safety officers, school personnel, or security cameras in the subject stairwell at the time of the incident.

The school safety officer testified that he did not witness the assault. He was called on the radio by a dean to render assistance to the infant plaintiff. He testified that his job duties did not include supervision of the cafeteria during lunch, and that the deans supervise the cafeteria. He further testified that, as a general matter, during the break between class periods, teachers stand in the hallway while the school safety officers patrol the hallways to make sure the students are headed to class. He did not know how many students attended the school, how many school safety officers were assigned to the school at the time of the incident, where school safety officers were stationed throughout the day, and how often there were violent incidents in the school hallways or the stairwells generally. He did not know how many students attacked the infant plaintiff or the assailants' identities. He had seen one of the assailants in the dean's office on one or two occasions prior to the infant plaintiff's incident. The officer testified that he had a supervisor who was in charge of school safety personnel in the building, but the defendants did not proffer any evidence from that supervisor, or anyone familiar with the students involved in the assault.

The infant plaintiff's father testified that after the incident, he spoke to a dean who informed him that one of his son's assailants had assaulted another student on a prior occasion.

The father also testified that he was aware that a number of the assailants were members of the Crips gang.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "This burden may be satisfied only by the defendant's affirmative demonstration of the merit of the defense, rather than merely by reliance on gaps in the plaintiffs' case" (*Shafi v Motta*, 73 AD3d 729, 730 [2010]).

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). "The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (*id.* at 49; *see Khosrova v Hampton Bays Union Free Sch. Dist.*, 99 AD3d 669, 671 [2012]).

"In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d at 49; *see Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d 552, 553 [2005]). "Actual or constructive notice to the school of prior similar conduct is generally required," and "an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence" (*Mirand v City of New York*, 84 NY2d at 49; *see Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d at 553).

Even if a breach of the duty of supervision is established, it must be demonstrated that such negligence was a proximate cause of the injuries sustained (*see Mirand v City of New York*, 84 NY2d at 49; *Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d at 553). The test for causation is "whether under all the circumstances the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the school's negligence" (*Mirand v City of New York*, 84 NY2d at 50). The issues of adequacy of supervision and proximate cause are generally factual

questions for the jury (*see id.* at 51; *Wood v Watervliet City School Dist.*, 30 AD3d 663, 664 [2006]).

Here, the defendants' submissions failed to eliminate all triable issues of fact as to whether the DOE had actual or constructive notice of the fellow students' potential for causing harm, and whether, under the circumstances, the DOE provided adequate supervision at the end of the lunch period in the area where the assault occurred (*see Lennon v Cornwall Cent. Sch. Dist.*, 132 AD3d 820, 820 [2015]; *Smith v Poughkeepsie City School Dist.*, 41 AD3d 579, 580 [2007]; *Hernandez v City of New York*, 24 AD3d 723, 723 [2005]). The defendants failed to proffer any evidence demonstrating that the DOE lacked actual or constructive notice of any prior violent behavior by any of the infant plaintiff's assailants. Moreover, given the witnesses' testimony regarding the disciplinary history of one of the infant plaintiff's assailants, there were triable issues of fact as to whether the DOE had specific knowledge of that student's dangerous propensities (*see Smith v Poughkeepsie City School Dist.*, 41 AD3d at 581; *Wood v Watervliet City School Dist.*, 30 AD3d at 664; *Speight v City of New York*, 309 AD2d 501, 501-502 [2003]). The defendants failed to proffer sufficient evidence demonstrating the general security measures at the school, including the number of school safety officers on duty, where the school safety officers were assigned in the vicinity of the cafeteria and stairwell, and the frequency of violence in the hallways and stairwells between class periods and after lunch.

Contrary to the defendants' contentions, they also failed to eliminate triable issues of fact as to whether inadequate security was a proximate cause of the infant plaintiff's injuries (*see Mirand v City of New York*, 84 NY2d at 51). In determining whether an incident occurs "in so short a span of time that even the most intense supervision could not have prevented it" (*Convey v City of Rye School Dist.*, 271 AD2d 154, 160 [2000]; *see Tanenbaum v Minnesauke Elementary School*, 73 AD3d 743, 744 [2010]; *Siegell v Herricks Union Free School Dist.*, 7 AD3d 607, 608 [2004]), "[t]he issue is not the speed of the punch, but the circumstances leading up to and surrounding" the incident (*Wood v Watervliet City School Dist.*, 30 AD3d at 665; *see Mirand v City of New York*, 84 NY2d at 50). According to the infant plaintiff's section 50-h hearing testimony, the four assailants left the cafeteria prior to the end of the lunch period and were able to block access to the stairwell when the lunch period ended. There was an absence of supervisory personnel or security in the subject stairwell when it would be expected

that a large number of students would be exiting the cafeteria and using that stairwell (*see Mirand v City of New York*, 84 NY2d at 50-51). "Proximate cause is a question of fact for the jury where varying inferences are possible," and "[p]roper supervision depends largely on the circumstances surrounding the event" (*id.* at 51). Here, the circumstances leading up to and surrounding the assault upon the infant plaintiff raised triable issues of fact as to whether adequate supervision would have prevented the assault.

Accordingly, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against the DOE, and the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the DOE regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Balkin, J.P., Maltese, Barros and Connolly, JJ., concur.