Fleming v City of New York (2023 NY Slip Op 05714)

Fleming v City of New York

2023 NY Slip Op 05714

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-04136
 (Index No. 1144/15)

[*1]Ziynou Fleming, etc., et al., appellants,
v
City of New York, et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Jesse A. Townsend of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated April 11, 2022. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Department of Education.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Department of Education is denied.
The plaintiff Ziynou Fleming (hereinafter the infant plaintiff), a seventh-grade student, allegedly sustained injuries at his middle school when the tip of his left ring finger was closed in a metal door. According to the infant plaintiff's testimony at a General Municipal Law § 50-h hearing, the accident occurred while he was waiting for his lunch. In order to retrieve his lunch, he waited in line to enter a door that led to the kitchen. Usually, an adult school employee would supervise students standing in this lunch line, but at the time of the accident, another seventh-grade student (hereinafter the student lunch monitor) was standing by the door and checking students in to get their lunch. When the infant plaintiff walked through the doorway into the kitchen, the student lunch monitor announced that the students must move back because she had to close the door to the kitchen.
To comply with this request, the infant plaintiff went back out the door. As he did so, he placed his left hand on the right side of the door, near the hinges. When the student lunch monitor closed the door, the tip of the infant plaintiff's left ring finger became stuck. The infant plaintiff and a few other students banged on the door for approximately three minutes before the student lunch monitor opened the door. At that point, the tip of the infant plaintiff's finger was severed.
On January 29, 2015, the infant plaintiff, by his mother, and his mother suing [*2]derivatively, commenced this action, inter alia, to recover damages for personal injuries. The defendants City of New York and the New York City Department of Education (hereinafter the DOE), moved for summary judgment dismissing the complaint. By order dated April 11, 2022, the Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the DOE. The plaintiffs appeal.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see Murray v Ardsley Union Free Sch. Dist., 162 AD3d 890, 891). "Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students" (Mirand v City of New York, 84 NY2d at 49; see Murray v Ardsley Union Free Sch. Dist., 162 AD3d at 891). The "adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury" (RT v Three Vil. Cent. Sch. Dist., 153 AD3d 747, 748; see Gaston v East Ramapo Cent. Sch. Dist., 165 AD3d 761, 762).
Here, viewing the evidence in the light most favorable to the plaintiffs, the defendants failed to establish, prima facie, that the DOE adequately supervised the infant plaintiff (see Mirand v City of New York, 84 NY2d at 50-51; Murray v Ardsley Union Free Sch. Dist., 162 AD3d at 891), or that its alleged lack of adequate supervision was not a proximate cause of the accident (see Sarnes v City of New York, 73 AD3d 1154, 1155; see also K.J. v City of New York, 156 AD3d 611, 614-615). Significantly, the defendants' submissions demonstrated that there was no adult monitoring the area where the accident took place and that, at the time of the accident, an assistant principal in the cafeteria was in the midst of calling for more assistance. Among the triable issues of fact presented by the defendants' submissions were whether there was an appropriate level of supervision for the seventh-grade students under the circumstances (see Sarnes v City of New York, 73 AD3d at 1155), and whether the school played a role in empowering or training the student lunch monitor with respect to closing the door to the kitchen.
Although there are certain accidents that occur in such a short span of time "that even the most intense supervision could not have prevented [them and] any lack of supervision is not the proximate cause of the injury" (B.T. v Bethpage Union Free Sch. Dist., 173 AD3d 806, 807 [internal quotation marks omitted]; see J. H. v City of New York, 170 AD3d 816, 817), this is not one of those cases, especially in light of the fact that the infant plaintiff's finger remained pinched by the closed door for approximately three minutes while he and his fellow students banged on the door.
Since the defendants failed to meet their initial burden, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the DOE without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court