Sayegh v City of Yonkers (2024 NY Slip Op 03065)

Sayegh v City of Yonkers

2024 NY Slip Op 03065

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-10054
 (Index No. 63811/19)

[*1]George Sayegh, appellant, 
v
City of Yonkers, et al., respondents, et al., defendant.

Slater Slater Schulman LLP (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellant.
Harris Beach PLLC, White Plains, NY (Darius Chafizadeh and Doreen Klein of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated September 26, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendants City of Yonkers and Yonkers City School District which were for summary judgment dismissing the first, second, and fifth causes of action insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants City of Yonkers and Yonkers City School District which were for summary judgment dismissing the first, second, and fifth causes of action insofar as asserted against them are denied.
In September 2019, the plaintiff commenced this action against the defendants City of Yonkers and Yonkers City School District (hereinafter together the defendants), and another defendant, inter alia, pursuant to the Child Victims Act (see CPLR 214-g) to recover damages for negligence. According to the plaintiff, as a child in 1970 and 1971, he was repeatedly sexually abused by a teacher while attending an elementary school operated by the defendants in Yonkers. The plaintiff alleged, inter alia, that the defendants negligently failed to prevent the abuse. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground, among others, that they did not have actual or constructive notice of the teacher's alleged propensity to engage in sexual abuse or of the abuse that the teacher allegedly perpetrated. By order dated September 26, 2023, the Supreme Court, among other things, granted those branches of the defendants' motion which were for summary judgment dismissing the first cause of action, alleging negligence with respect to the defendants' supervision of the plaintiff, and the second and fifth causes of action, alleging negligent hiring, retention, and supervision of the teacher, insofar as asserted against them. The plaintiff appeals.
"Although an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d 845, [*2]846 [internal quotation marks omitted]; see Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161). "To establish a cause of action based on negligent hiring, negligent retention, or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Shor v Touch-N-Go Farms, Inc., 89 AD3d 830, 831; see Kaul v Brooklyn Friends Sch., 220 AD3d 936, 938) and that there exists a "connection between the defendant's negligence . . . and the plaintiff's injuries" (Roe v Domestic & Foreign Missionary Socy. of the Prot. Episcopal Church, 198 AD3d 698, 701). "The employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring, . . . retention, or supervision of the employee" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 846-847 [alterations and internal quotation marks omitted]).
Moreover, "[a] school has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision. The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d 722, 723 [citations and internal quotation marks omitted]). "The standard for determining whether the school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847 [internal quotation marks omitted]). "Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must allege that the [school] knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (Kwitko v Camp Shane, Inc., 224 AD3d 895, 896 [internal quotation marks omitted]). Therefore, "[a]ctual or constructive notice to the school of prior similar conduct generally is required" (Burdo v Cold Spring Harbor Cent. School Dist., 219 AD3d 1481, 1482 [internal quotation marks omitted]). However, "[t]he adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury" (Fleming v City of New York, 221 AD3d 785, 786 [internal quotation marks omitted]).
Here, the defendants failed to establish, prima facie, that they lacked constructive notice of the teacher's alleged abusive propensities and conduct (see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847; Kwitko v Camp Shane, Inc., 224 AD3d at 896). "In particular, given the frequency of the alleged abuse, which occurred over" the entirety of a school year, "and always occurred inside the same classroom during the school day, the defendants did not eliminate triable issues of fact as to whether they should have known of the abuse" (MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847-848; see Nizen-Jacobellis v Lindenhurst Union Free School Dist., 191 AD3d 1007, 1008). The defendants similarly failed to demonstrate, prima facie, that their supervision of both the teacher and the plaintiff was not negligent (see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 848; Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 636). As the plaintiff correctly contends, the Supreme Court, in concluding that the defendants met their burden as movants, improperly relied upon federal summary judgment standards (see Yun Tung Chow v Reckitt & Colman, Inc., 17 NY3d 29, 35-36 [Smith, J., concurring]).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the first, second, and fifth causes of action insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court