Sclafani v Young Adult Inst., Inc. (2025 NY Slip Op 04266)

Sclafani v Young Adult Inst., Inc.

2025 NY Slip Op 04266

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-10115
 (Index No. 615071/18)

[*1]Daniella Sclafani, etc., et al., appellants,
v
Young Adult Institute, Inc., respondent.

Melucci Firm, P.C., Garden City, NY (Daniel Melucci of counsel), for appellants.
Congdon, Flaherty & O'Callaghan (Gannon, Rosenfarb & Drossman, New York, NY [Lisa L. Gokhulsingh], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated September 13, 2023. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint and denied the plaintiffs' cross-motion for summary judgment on the issue of liability.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the complaint, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On October 19, 2016, the plaintiff Daniella Sclafani, a developmentally disabled adult and member of the defendant Young Adult Institute, Inc. (hereinafter YAI), allegedly sustained injuries when she was knocked over by a fellow student while walking in the parking lot of YAI's campus in Brentwood. Daniella, by her mother, and her mother suing individually, commenced this action against YAI, alleging, inter alia, negligent supervision. YAI moved, among other things, for summary judgment dismissing the complaint, and the plaintiffs cross-moved for summary judgment on the issue of liability. In an order dated September 13, 2023, the Supreme Court, inter alia, granted that branch of YAI's motion and denied the plaintiffs' cross-motion. The plaintiffs appeal.
Programs such as YAI that provide services to developmentally disabled adults have a duty to adequately supervise such students in their care, "and are liable for foreseeable injuries proximately related to the absence of adequate supervision" (Rydzynski v North Shore Univ. Hosp., 262 AD2d 630, 631 [internal quotation marks omitted]; see Mirand v City of New York, 84 NY2d 44, 49; A.P. v John W. Lavelle Preparatory Charter Sch., 228 AD3d 138, 150; Sacino v Warwick Val. Cent. Sch. Dist., 138 AD3d 717, 718). "'[I]n determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated'" (A.P. v John W. Lavelle Preparatory Charter Sch., 228 AD3d at 150, quoting Mirand v City of New York, 84 NY2d at 49; see Nevaeh T. v City of New York, 132 AD3d 840, 842). "'Even [*2]if a breach of the duty of supervision is established, it must [also] be demonstrated that such negligence was a proximate cause of the injuries sustained'" (A.P. v John W. Lavelle Preparatory Charter Sch., 228 AD3d at 150, quoting K.J. v City of New York, 156 AD3d 611, 613). "'The test for causation is whether under all the circumstances the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the school's negligence'" (id. [internal quotation marks omitted], quoting K.J. v City of New York, 156 AD3d at 613; see Mirand v City of New York, 84 NY2d at 49).
"Whether a student is properly supervised 'depends largely on the circumstances attending the event'" (Mei Kay Chan v City of Yonkers, 34 AD3d 540, 541, quoting Farrukh v Board of Education of City of N.Y., 227 AD2d 440, 441; see SM v Plainedge Union Free School District, 162 AD3d 814, 816). "The 'adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury'" (Fleming v City of New York, 221 AD3d 785, 786, quoting RT v Three Village Cent. School Dist., 153 AD3d 747, 748; see L.S. v Massapequa Union Free Sch. Dist., 215 AD3d 708, 709).
Here, viewing the evidence in the light most favorable to the plaintiffs, YAI failed to establish, prima facie, that it provided adequate supervision. Instead, YAI's submissions reflect that triable issues of fact exist as to whether YAI had knowledge of the fellow student's potential to engage in the dangerous conduct that caused Daniella's alleged injuries (see Mirand v City of New York, 84 NY2d at 49; A.P. v John W. Lavelle Preparatory Charter Sch., 228 AD3d at 150; K.J. v City of New York, 156 AD3d at 613). Moreover, YAI's submissions failed to establish, prima facie, that any lack of supervision on its part was not a proximate cause of Daniella's alleged injuries. Significantly, YAI's submissions, including an individualized service plan and review prepared for the fellow student in May 2016, present triable issues of fact as to whether additional staff attention over the fellow student could have prevented the incident (see Mirand v City of New York, 84 NY2d at 49; A.P. v John W. Lavelle Preparatory Charter Sch., 228 AD3d at 150; Fleming v City of New York, 221 AD3d at 786; K.J. v City of New York, 156 AD3d at 613). Accordingly, the Supreme Court should have denied that branch of YAI's motion which was for summary judgment dismissing the complaint.
The parties' remaining contentions are without merit.
MILLER, J.P., DOWLING, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court