| **Doe XI v Archdiocese of N.Y.** |
|:---:|
| 2026 NY Slip Op 30724(U) |
| February 26, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 950066/2020 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. SABRINA KRAUS**

*Justice*

-----------------------------------------------------------------------------X

JOHN DOE XI,

Plaintiff,

- v -

ARCHDIOCESE OF NEW YORK, OUR LADY OF MOUNT CARMEL CHURCH, OUR LADY OF MOUNT CARMEL SCHOOL

Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| PART | CVA 1 |
| INDEX NO. | 950066/2020 |
| MOTION DATE | 10/23/2025 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152

were read on this motion to/for              JUDGMENT - SUMMARY              .

## BACKGROUND

Plaintiff commenced this action under the Child Victims Act ("CVA") seeking damages for personal injuries stemming from alleged sexual abuse at Our Lady of Mount Carmel School and Our Lady of Mount Carmel Church.

## ALLEGED FACTS

Our Lady of Mount Carmel Church (the "Church") is a church that operated Our Lady of Mount Carmel School (the "School") located at 2465 Bathgate Avenue, Bronx, New York 10458. Rudy Tremaroli ("Tremaroli") was a janitor and sports coach who worked at the Church and School from approximately 1959 to 1992.

Plaintiff met Tremaroli when he was about four to five years old around 1957 to 1958. Plaintiff's brother introduced Tremaroli to Plaintiff's family, after which Tremaroli became their

950066/2020  DOE, XI, JOHN vs. ARCHDIOCESE OF NEW YORK
Motion No. 003

Page 1 of 7

close family friend. Plaintiff testified that his earliest memory of Tremaroli was Tremaroli spanking Plaintiff in his family's apartment which sometimes occurred in the presence of Plaintiff's mother and brother.

Tremaroli escalated his abuse as Plaintiff grew older. During visits to Plaintiff's apartment, Tremaroli would regularly hug him and touch his genitals during the embrace. In 1963, when Plaintiff was about ten years old, Tremaroli waited for Plaintiff at the School after class had ended, brought Plaintiff to his apartment and made Plaintiff strip naked. Tremaroli then took pictures of Plaintiff while he was naked. In 1964, when Plaintiff was eleven years old, Tremaroli invited him and another boy into his apartment and filmed the two while the other boy anally penetrated Plaintiff.

Tremaroli's abuse of Plaintiff continued at the School and the Church. Plaintiff testified that Tremaroli would grope Plaintiff's genitals at the School when Plaintiff was about nine to ten years old around 1962 to 1963. This abuse occurred in the School's gymnasium and hallways. Plaintiff testified that he believed that no one saw Tremaroli touch him inappropriately during these instances in the School's gym. At the Church, Plaintiff was briefly an altar boy, and Tremaroli would wait until services had ended, meet Plaintiff in the clergy house and grab Plaintiff's genitals when the two were alone. This abuse occurred in approximately 1964.

When Plaintiff was around 14 to 15 years old in ninth grade, Tremaroli again convinced him to come to his apartment to take naked pictures in exchange for money. Tremaroli convinced Plaintiff to do so at the schoolyard of PS 45. When Plaintiff went back to Tremaroli's apartment, Tremaroli performed oral sex on Plaintiff. That abuse occurred in 1967 or 1968.

Finally, Plaintiff testified that Tremaroli sexually abused him on a family trip to Canada when Plaintiff was about 15 years old around 1968.

950066/2020  DOE, XI, JOHN vs. ARCHDIOCESE OF NEW YORK                                    Page 2 of 7
Motion No.  003

2 of 7

Plaintiff only disclosed Tremaroli's abuse to his close friend—whom Tremaroli also abused in the presence of Plaintiff. Plaintiff's mother once heard a rumor that Tremaroli was abusing children and questioned Plaintiff about it, but he told his mother that he was not involved with the abuse.

Tremaroli remained employed as a janitor at Mount Carmel until his death in 1992.

## PENDING MOTION

On February 26, 2026, Our Lady of Mount Carmel Church and Our Lady of Mount Carmel School ("Mount Carmel") moved for summary dismissal of Plaintiff's complaint as against them pursuant to CPLR § 3212.

The motion is denied for the reasons set forth below.

## DISCUSSION

Summary judgment is a drastic remedy reserved for cases where "no material and triable issue of fact is presented" (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). To prevail on summary judgment, the movant must establish prima facie entitlement to judgment as a matter of law, tendering evidence in admissible form demonstrating the absence of any triable issues of fact (CPLR § 3212(b); *Matter of New York City Asbestos Litig.*, 33 NY3d 20, 25–26 [2019]). Furthermore, a defendant's burden on summary judgment cannot be satisfied by "merely point[ing] to perceived gaps" in the plaintiff's proof "rather than submitting evidence showing why" the plaintiff's claim must fail (*Matter of New York City Asbestos Litig.*, 174 AD3d 461, 461 [1st Dept 2019] [alteration in original]).

When the movant meets this initial burden, summary judgment will be denied only when the nonmovant provides evidence in admissible form demonstrating the existence of triable issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). However, "[m]ere

950066/2020   DOE, XI, JOHN vs. ARCHDIOCESE OF NEW YORK                    Page 3 of 7
Motion No.  003

3 of 7

[* 3]

conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient" to overcome a motion for summary judgment (*Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 [2016] [alteration in original]). Courts view the evidence in a light most favorable to the nonmovant, according the nonmovant "the benefit of every reasonable inference" (*Negri v Stop & Shop, Inc.*, 65 NY2d 625, 626 [1985]).

### *Mount Carmel Has Failed to Meet Its Prima Facie Burden*

Mount Carmel argues that they are entitled to summary judgment "because Plaintiff cannot meet his burden of proof herein" (NYSCEF Doc # 60, p.2). Plaintiff has no burden to meet on Mount Carmel's motion for summary judgment, rather it is Mount Carmel who has the burden of establishing on this motion that it is entitled to judgment as a matter of law. Mount Carmel's attempt to point to perceived gaps in Plaintiff's proof is unavailing [*see eg Vazquez v 3M Company* 177 AD3d 428, 429 (1st Dept 2019); *Kwitko v. Camp Shane, Inc.*, 224 A.D.3d 895 (2nd Dept 2024)(*defendant failed to establish prima facie that it lacked notice of abusers alleged propensities and summary judgment was properly denied regardless of the sufficiency of opposition papers*)].

Mount Carmel argues that it is entitled to summary judgment because it had not notice of Tremaroli's propensity to abuse children, despite the widespread abuse that was taking place, and that it owed no duty to Plaintiff. The Court rejects both arguments.

As to notice, the Court finds that the testimony of John Musto that he found no files at the School containing complaints of sexual abuse nor was he aware of any complaints that had been made against Tremaroli that were maintained by Mount Carmel insufficient to meet their burden on notice. Assuming *arguendo* it was sufficient the Court finds that Plaintiff has come forward

**950066/2020   DOE, XI, JOHN vs. ARCHDIOCESE OF NEW YORK**                    **Page 4 of 7**
  **Motion No. 003**

4 of 7

with sufficient evidence from which a jury could determine that Mount Carmel was on constructive notice of Tremaroli's conduct.

In 1969, during the same time Tremaroli sexually abused Plaintiff at Mount Carmel, Tremaroli sexually abused 10-year-old Doe N.V, a student and parishioner, at the Church and School and at the CYA Youth Center across from the Church on an almost daily basis. Doe N.V. also witnessed Tremaroli sexually abuse another young boy inside the boys' locker room in the gym at the School.

Tremaroli began abusing John Doe XII when he was a child in 1968. The abuse took place in Tremaroli's office in the School. From the volume and frequency of incidents of sexual abuse by Tremaroli involving Plaintiff and other boys at Mount Carmel a jury could conclude that Mount Carmel at least should have known of Tremaroli's misconduct, particularly the incidents occurring on school grounds. *See Sallustio v. Westchester Board of Cooperative Educational Services*, 235 A.D.3d 680 (2d Dept 2025) (*given the frequency of the alleged abuse defendants failed to eliminate triable issues of fact as to constructive notice*); *Brauner v. Locust Valley Cent. Sch. Dist.*, 234 A.D.3d 914 (2d Dept 2025) (*rejecting school district's prima facie case based on the frequency of the alleged abuse, which occurred between 50 and 100 times over the course of two school years*.

As to Duty, the Court agrees with Plaintiff that Mount Carmel by taking custody of minor in its Church and School owed Plaintiff the same degree of care and supervision as a reasonably prudent parent. "The adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury." *Sayegh v. City of Yonkers*, 228 AD3d 690, 692 [2nd Dept 2024], *citing Fleming v. City of New York*, 221 AD3d 785, 786 [2nd Dept 2023].

**950066/2020   DOE, XI, JOHN vs. ARCHDIOCESE OF NEW YORK**                    **Page 5 of 7**
Motion No.  003

5 of 7

Mount Carmel argues that because some of the abuse occurred off School and Church premises there is an insufficient nexus between the abuse and Mount Carmel's duty to supervise both Plaintiff and Tremaroli. However, the Court disagrees.

First much of the abuse occurred at the School and at the Church.

Additionally, on other occasions when the abuse occurred at Tremaroli's apartment, Tremaroli waited for Plaintiff after School and picked him up from School to go to the apartment. Mount Carmel had a duty to release Plaintiff into a safe environment and not allow an adult and employee, who was not Plaintiff's legal guardian to take him from School to another location [*Sullivan v. St. Ephrem Roman Cath. Par. Church*, 214 A.D.3d 751, 753 (2nd Dept 2023)(*that the sexual abuse occurred off school premises does not require dismissal of the cause of action alleging negligent supervision where plaintiff was released into a potentially hazardous situation*).

## CONCLUSION

Accordingly, it is hereby:

ORDERED that the motion is denied in its entirety; and it is further

ORDERED that, within twenty (20) days from entry of this order, Plaintiff shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119, New York, NY 10007); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that the action is reassigned to Justice Hasa Kingo for trial; and it is further

**950066/2020   DOE, XI, JOHN vs. ARCHDIOCESE OF NEW YORK**
**Motion No.  003**

**Page 6 of 7**

ORDERED that the parties, if they have not already done so, are directed to reach out to Justice Kingo's Part Clerk and request a date for a pre-trial conference.

This constitutes the decision and order of this Court.

20260226155339SBKRAUS6104CD59EC634DD89B8F852AE2B04177

| | |
|---|---|
| **2/26/2026** | |
| **DATE** | **SABRINA KRAUS, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | **X** DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | **X** | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**950066/2020   DOE, XI, JOHN vs. ARCHDIOCESE OF NEW YORK**
**Motion No.  003**

Page 7 of 7

[* 7]