Bianco v New York City Health & Hosps. Corp.

2026 NY Slip Op 02096

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Tatyana Bianco, appellant,

v

New York City Health & Hospitals Corporation, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2023-01872, 2023-05384, (Index No. 520777/17)

Cheryl E. Chambers, J.P.

Deborah A. Dowling

James P. Mccormack

Susan Quirk, JJ.

William Pager, Brooklyn, NY, for appellant.

Steven Banks, Corporation Counsel, New York, NY (Tahirih M. Sadrieh and ChloÉ K. Moon of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated January 17, 2023, and (2) an order of the same court dated April 12, 2023. The order dated January 17, 2023, insofar as appealed from, granted that branch of the motion of the defendant New York City Health & Hospitals Corporation which was for summary judgment dismissing the complaint insofar as asserted against it and denied those branches of the plaintiff's cross-motion which were for summary judgment on the issue of liability on the causes of action alleging false imprisonment, assault, and battery. The order dated April 12, 2023, denied the plaintiff's motion for leave to reargue her opposition to that branch of the motion of the defendant New York City Health & Hospitals Corporation which was for summary judgment dismissing the complaint insofar as asserted against it and her cross-motion for summary judgment on the issue of liability.

ORDERED that the appeal from the order dated April 12, 2023, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

ORDERED that the order dated January 17, 2023, is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant New York City Health & Hospitals Corporation which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In October 2017, the plaintiff commenced this action against, among others, the defendant New York City Health & Hospitals Corporation (hereinafter the defendant), inter alia, to recover damages for medical malpractice, false imprisonment, assault, and battery, based primarily upon allegations that she was wrongfully detained and medicated at Coney Island Hospital (hereinafter the hospital) when she attempted to leave the hospital against medical advice. The defendant moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-moved for summary judgment on the issue of liability. In an order dated January 17, 2023, the Supreme Court, inter alia, granted that branch of the defendant's [*2]motion which was for summary judgment dismissing the complaint insofar as asserted against it and denied those branches of the plaintiff's cross-motion which were for summary judgment on the issue of liability on the causes of action alleging false imprisonment, assault, and battery. The plaintiff appeals.

The Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (K.J. v City of New York, 156 AD3d 611, 613). "'This burden may be satisfied only by the defendant's affirmative demonstration of the merit of the defense, rather than merely by reliance on gaps in the plaintiff['s] case'" (id., quoting Shafi v Motta, 73 AD3d 729, 730). "'A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853) with respect to at least one of the elements of a cause of action alleging medical malpractice: (1) whether the [defendant] deviated or departed from accepted community standards of practice, or (2) [whether] such a departure was a proximate cause of the plaintiff's injuries'" (Russell v Garafalo, 189 AD3d 1100, 1101, quoting Rosenthal v Alexander, 180 AD3d 826, 827; see Stukas v Streiter, 83 AD3d 18, 23). "In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars" (Martinez v Orange Regional Med. Ctr., 203 AD3d 910, 912 [internal quotation marks omitted]). "'Once a defendant makes a prima facie showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden'" (Kielb v Bascara, 217 AD3d 756, 757 [internal quotation marks omitted], quoting Clarke v New York City Health & Hosps., 210 AD3d 631, 632; see Stukas v Streiter, 83 AD3d at 24).

Here, viewing the evidence in the light most favorable to the plaintiff (see Stukas v Streiter, 83 AD3d at 22), the defendant failed to eliminate all triable issues of fact as to whether its employees departed from accepted standards of community practice in treating the plaintiff at the hospital or whether such departure was a proximate cause of the plaintiff's injuries (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Among other deficiencies, the opinions of the defendant's medical experts were conclusory and relied upon disputed facts in the record (see Reiss v Sayegh, 123 AD3d 787, 789; Plato v Guneratne, 54 AD3d 741, 742). Moreover, the defendant failed to make an affirmative demonstration of its entitlement to summary judgment dismissing the remaining causes of action insofar as asserted against it (see K.J. v City of New York, 156 AD3d at 613; Shafi v Motta, 73 AD3d at 730). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it, without regard to the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).

However, contrary to the plaintiff's contention, the Supreme Court properly denied those branches of her cross-motion which were for summary judgment on the issue of liability on the causes of action alleging false imprisonment, assault, and battery. The evidence submitted by the plaintiff in support of these branches of her cross-motion was conclusory and similarly relied upon disputed facts in the record (see id.). Accordingly, the court properly denied these branches of the plaintiff's cross-motion, without regard to the sufficiency of the defendant's opposition papers (see id.).

The parties' remaining contentions either need not be reached in light of our determination or are not properly before this Court.

CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court